UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| SAVASENIORCARE, LLC, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) NO. 1:14-cv-02738-RWS |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| ZURICH AMERICAN INSURANCE COMPANY and BEAZLEY INSURANCE COMPANY, INC., | ) |
| | ) |
| Defendants. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES TO BEAZLEY'S COUNTERCLAIM

Plaintiff SavaSeniorCare LLC ("Sava") files this Answer and Affirmative Defenses to Defendant Beazley Insurance Company's ("Beazley") Counterclaim:

## ANSWER

119. Sava admits that Beazley purports to bring a counterclaim for rescission of Beazley Excess Insurance Policy No. V15QJX090201 (the "Beazley Policy"). Sava denies that the counterclaim has merit.

120. Admitted.

121. Sava admits that Beazley names Sava as the counterclaim defendant. Sava denies that the counterclaim has merit.

1

122. Admitted.

123. Admitted.

124. Admitted.

125. Admitted.

126. Sava denies that the undated and unsigned document attached to Beazley's Amended Answer, Affirmative Defenses and Counterclaim as Exhibit A-1 was completed. Sava lacks sufficient information at this time to admit or deny the remaining allegations in paragraph 126.

127. Sava admits that it was named as a defendant in the Schron Action. The Complaint in the Schron Action speaks for itself. Sava denies all other allegations in paragraph 127.

128. Sava admits that the Schron Action alleges wrongful acts. Sava further responds that the Complaint in the Schron Action speaks for itself. Sava denies all other allegations in paragraph 128.

129. Sava admits that it agreed to indemnify Grunstein and Forman for their costs in defending the Schron Action. Sava admits that it sought insurance coverage from Zurich and Beazley for the Sava Defense Costs and Grunstein and Forman Defense Costs incurred in defending the Schron Action. Sava denies all other allegations in paragraph 129.

130. Sava admits that Zurich and Beazley agreed to pay the Sava Defense Costs. Sava admits that Zurich and Beazley refused to pay the Grunstein and Forman Defense Costs for the reasons outlined in Zurich's October 7, 2011 denial letter, which speaks for itself. Sava denies the validity of the bases upon which Zurich and Beazley denied coverage. Sava further denies all other allegations in paragraph 130.

131. Sava admits that it disagreed, and continues to disagree, with Zurich and Beazley's position regarding coverage for Grunstein and Forman Defense Costs. Sava admits the remaining allegations in Paragraph 131.[1] Sava also states that it contends that the Schron Action alleges Wrongful Acts against Grunstein and Forman in their capacity as Managers of Sava.

132. Sava admits that Beazley quotes a portion of the Schron affidavit testimony that Sava cited in Paragraph 55 of its Amended Complaint. Sava denies all remaining allegations in paragraph 132.

133. Sava admits that the Schron Action contains allegations relating to the Sava Master Lease, and admits that Beazley has quoted words from the Amended Verified Complaint in the Schron Action. Sava denies all remaining allegations in paragraph 133.

---

[1] Zurich has settled with Sava and has been dismissed from this lawsuit. Doc. 58.

134.    Sava states that the phrase "the dispute with the Schron Plaintiffs" is vague and ambiguous and, therefore, denies all allegations in paragraph 134.

135.    Sava admits that Beazley purports to quote Section 8 of the unsigned, undated, and incomplete document attached as Exhibit A-1 to Beazley's Amended Answer, Affirmative Defenses, and Counterclaim.  Sava admits that Beazley accurately quotes language appearing in Section 8 of the unsigned, undated, and incomplete document attached to Beazley's Answer, Affirmative Defenses, and Counterclaim.  Beazley denies the remaining allegations in Paragraph 135.

136.    Sava states that "disclosed nothing in response to this question" is vague and ambiguous because Paragraph 135 does not identify a question.  For purposes of responding to this allegation, Sava assumes that "this question" refers to Section 8 of the unsigned, undated, and incomplete document referenced in Paragraph 135 of Beazley's Counterclaim, in which case, Sava lacks sufficient information at this time to admit or deny the allegations in paragraph 136.

137.    Denied.

138.    Sava admits that Beazley purports to quote an excerpt of Section V.B. of the Zurich Policy.  Sava further admits that "Insuring Clause D" was added to the referenced provision through Endorsement 5 to the Zurich Policy.  Sava denies

the remaining allegations in paragraph 138, including the allegations in footnote two.

139. Sava admits that the "bold terms" in paragraph 138 are defined terms in the Zurich Policy. Sava admits that Beazley partially quotes certain definitions of terms that are defined in the Zurich Policy and states that the Policy speaks for itself. Sava denies all remaining allegations in paragraph 139.

140. Sava denies that Grunstein and Forman currently fall within the definition of "Executive Officer."

141. Admitted.

142. Sava states that no response to Paragraph 142 is required as it merely incorporates by reference the preceding paragraphs of Beazley's Counterclaim and does not assert any specific allegations or counterclaims. For further answer, Sava denies all allegations in Paragraph 142 and all incorporated material, express or implied, not expressly admitted herein.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. Admitted.

148. Sava admits that Beazley has previously offered to return the premium it received from Sava for the Beazley Policy. Sava lacks sufficient information at this time to admit or deny the remaining allegations in paragraph 148.

149. Sava admits that Beazley seeks an order from this Court rescinding the Beazley Policy and declaring that Beazley owes no obligations under the Beazley Policy. Sava denies the validity of Beazley's counterclaim.

## PRAYER

No responsive pleading is necessary to Beazley's prayer for relief. To the extent a response is required, Sava denies that Beazley is entitled to the relief requested or any relief whatsoever.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Sava hereby demands that all claims in this action, including Beazley's Counterclaim, be tried to a jury.

## AFFIRMATIVE DEFENSES

1. Beazley's counterclaim is barred by the doctrines of waiver, estoppel, and/or laches.

2. Beazley's counterclaim is barred by *Hoover v. Maxum Indem. Co.*, 291 Ga. 402 (2012).

3. Beazley's counterclaim is barred for the following reasons:

   a) the document Beazley attached as Exhibit A-1 was not signed, not dated, and incomplete;

   b) Sava did not make any false statements or misrepresentations on the unsigned, undated, and incomplete document attached as Exhibit A-1;

   c) there is no evidence that Beazley ever received and relied upon the unsigned, undated, and incomplete document attached as Exhibit A-1 before Beazley issued the Beazley Policy;

   d) any responsive information omitted from Section 8 of the unsigned, undated, and incomplete document attached as Exhibit A-1 was not material to Beazley's decision to issue the Beazley Policy;

   e) Beazley issued the Beazley Policy without inquiring why Section 8 of the unsigned, undated, and incomplete document attached as Exhibit A-1 was left blank;

   f) Beazley never requested a signed, dated, and completed application from Sava before issuing the Beazley Policy; and

   g) Beazley cannot demonstrate that a response to Section 8 of the unsigned, undated, and incomplete document attached as Exhibit A-1 would have changed the nature, extent, or character of the risk Beazley ultimately agreed to insure.

4. Beazley's counterclaim fails because of Beazley's own negligence in accepting premiums from Sava and issuing the Beazley Policy without receiving a signed, dated, and completed application.

5. Beazley's counterclaim is barred by the doctrine of unclean hands.

7

6.     Beazley's counterclaim fails because Beazley had all material information it needed to assess the risk it agreed to underwrite at the time it issued the Beazley Policy.

7.     Beazley's counterclaim is barred by Endorsement 3 of the Zurich Policy, which precludes Beazley from rescinding its Policy unless Beazley can prove that Grunstein and Forman (1) knew that the facts on the application were untrue; and (2) knew that the facts were not truthfully disclosed on the application.

8.     Beazley's counterclaim fails because Sava had no knowledge that any facts disclosed in the unsigned, undated, and incomplete document attached as Exhibit A-1 were untrue or that facts were not truthfully disclosed.

9.     Beazley's counterclaim fails because Section 8 of the unsigned, undated, and incomplete document attached as Exhibit A-1 did not pertain to an insured who was renewing its policy.

Respectfully submitted this 17th day of September, 2015.

/s/ Anthony P. Tatum
Anthony P. Tatum
 Georgia Bar No. 306287
Shelby S. Guilbert
 Georgia Bar No. 315101
**KING & SPALDING LLP**
1180 Peachtree Street
Atlanta, GA  30309
404-572-4600 (Phone)
404-572-5138 (Fax)

ttatum@kslaw.com
sguilbert@kslaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| SAVASENIORCARE, LLC, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | NO. 1:14-cv-02738-RWS |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| ZURICH AMERICAN INSURANCE ) | |
| COMPANY and BEAZLEY ) | |
| INSURANCE COMPANY, INC., ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the within and foregoing ANSWER AND AFFIRMATIVE DEFENSES TO BEAZLEY'S COUNTERCLAIM which will automatically send email notification of such filing to all attorneys of record:

FRIEND HUDAK & HARRIS, LLP
Benjamin McCulloh Byrd
bbyrd@fh2.com
Michael Singleton Reeves
mreeves@fh2.com
Three Ravinia Drive, Suite 1700
Atlanta, GA 30346

AKIN GUMP STRAUSS HAUER & FELD, L.L.P.
Daniel McNeel Lane, Jr.

10

nlane@akingump.com
Matthew E. Pepping
mpepping@akingump.com
300 Convent Street
Suite 1600
San Antonio, TX 78205-3732

This 17th day of September, 2015.

*/s/ Anthony P. Tatum*_____
Anthony P. Tatum
Georgia Bar No. 306287